# NO. 12-20-00223-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MARK SCHWADER,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 114TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Mark Schwader appeals the court costs set forth in the trial court's judgment. In one issue, Appellant argues that the portion of these costs, which consist of a "time payment" fee, as set forth in the trial court's bill of costs, is unconstitutional. We modify and affirm as modified.

### BACKGROUND

Appellant was charged by indictment with possession of less than one gram of methamphetamine and pleaded "guilty." The trial court deferred finding Appellant "guilty," and placed him on community supervision for five years. Subsequently, the State filed a motion to proceed to final adjudication, in which it alleged that Appellant violated certain terms and conditions of his community supervision. Following a hearing on the matter, the trial court found the allegations in the State's motion to be "true," revoked Appellant's community supervision, adjudicated him "guilty" as charged, and sentenced him to confinement for two years. This appeal followed.

### TIME PAYMENT FEE

In his sole issue, Appellant argues that costs attributable to the time payment fee, as set forth in the trial court's bill of costs, is unconstitutional.

The trial court's judgment sets forth that Appellant is obligated to pay court costs in the amount of $74.00. The judgment includes a document entitled "Order to Withdraw Funds," which states that Appellant incurred "[c]ourt costs, fees, fines and/or restitution in the amount of $74.00." The bill of costs itemizes the court costs imposed, which total $314.00 with a remaining balance of $74.00. The bill of costs also includes a $25.00 "time payment" fee with a remaining balance of $6.75. Furthermore, it includes a paragraph stating that an additional $15.00 fee will be assessed if any part of the court costs is paid on or after the 31st day after the judgment assessing the court costs is entered. *But see* TEX. LOC. GOV'T CODE ANN. § 133.103(c), *redesignated as* TEX. CODE CRIM. PROC. ANN. art. 102.030 (West Supp. 2020) (treasurer shall deposit ten percent of fees collected under this section in general fund of county or municipality for purpose of improving efficiency of administration of justice in county or municipality).

The court of criminal appeals recently held that the pendency of an appeal "stops the clock" for purposes of the time payment fee. ***Dulin v. State***, 620 S.W.3d 129, 133 (Tex. Crim. 2021). Consequently, the assessment of the time payment fee in Appellant's case is premature and should be struck in its entirety, without prejudice to its being assessed later if, more than thirty days after the issuance of the appellate mandate, the defendant has failed completely to pay any fine, court costs, or restitution that he owes. ***Id.*** [1]

## DISPOSITION

Based on the foregoing, we ***modify*** the trial court's judgment, along with its attached order to withdraw funds, to reflect that Appellant's court costs are $67.25 by deleting the $6.75 time payment fee balance,[2] without prejudice to its being assessed later, if, more than thirty days after the issuance of our mandate, Appellant fails to completely pay fines, court costs, or restitution he owes. We ***affirm*** the judgment ***as modified***.

**BRIAN HOYLE**
Justice

---

[1] Because the fee assessment Appellant challenges in his first issue is premature, we do not consider the constitutionality of the fee. *See* TEX. R. APP. P. 47.1.

[2] The $74.00 in court costs ordered by the trial court in its judgment of conviction is reflected in the "balance" column of the bill of costs. Although Appellant's brief references the time payment fee assessed as being $25.00, he makes no argument in his brief that he is seeking to appeal court costs imposed in the order placing him on community supervision, nor is that order referenced in his notice of appeal. Thus, we have limited our analysis to the court costs ordered in the judgment of conviction.

Opinion delivered July 21, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 21, 2021**

**NO. 12-20-00223-CR**

**MARK SCHWADER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 114-0792-19)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that the judgment of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be **modified** to reflect that Appellant's court costs are $67.25 by deleting the $6.75 time payment fee balance with prejudice to its being assessed later if, more than thirty days after the issuance of our mandate, Appellant fails to completely pay fines, court costs, or restitution he may owe; in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*